USCA1 Opinion

 

 March 30, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________ No. 94-1847 CHRISTOPHER BONAVITA, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Christopher Bonavita on brief pro se. ____________________ Donald K. Stern, United States Attorney, and C. Jeffrey Kinder, ________________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Christopher Bonavita appeals pro se from __________ ___ __ the district court's dismissal of his motion to vacate, modify or correct his sentence pursuant to 28 U.S.C. 2255. Bonavita also appeals from the district court's order dated August 1, 1994, denying his motion for leave to respond to the government's opposition. He requests that the case be remanded for an evidentiary hearing on the issue of "sentencing factor manipulation." I. Background _ __________ Bonavita pleaded guilty to two counts of an indictment charging him with conspiracy to distribute cocaine in violation of 21 U.S.C. 846 (count two) and attempt to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. 841(b)(1)(B) and 18 U.S.C. 2 (count four). Count two, although a pre- guidelines offense, was included as "relevant conduct" in arriving at a base offense level. See U.S.S.G. 1B1.3. The ___ pre-sentence report calculated a guideline imprisonment range of 41 to 51 months. The statutory mandatory minimum sentence for count four, however, was sixty months. See 28 U.S.C.  ___ 841(b)(1)(B). Accordingly, in October, 1992, the court sentenced Bonavita to sixty months' imprisonment. The court failed to specify the sentence imposed on count two. Bonavita did not appeal. He filed this 2255 motion in May, 1994. The motion sought relief on the ground of ineffective assistance of counsel. He faulted his attorney for failing to raise the following arguments at sentencing or on appeal: 1) that "sentencing factor manipulation" entitled Bonavita to a departure from the guideline sentence; 2) that the court erroneously believed it lacked discretion to impose a sentence below the mandatory minimum sentence prescribed by statute; and 3) that the district court erred in failing to specify the sentence imposed for Count Two. Bonavita's motion focused primarily on the sentencing manipulation argument, suggesting that the government may have proposed the "outrageously low price of $6,500" for a kilogram of cocaine for the purpose of inducing Bonavita to deal in a larger quantity of cocaine than was his custom, thereby triggering the statutorily prescribed ten-year mandatory minimum sentence. On May 17, 1994, the district court ordered the government to respond to Bonavita's 2255 motion. The government filed an opposition on July 14, 1994. In response to the sentencing manipulation argument, the government attached to its opposition a declaration under oath by Special Agent Sean McDonough of the Drug Enforcement Administration ("the McDonough affidavit"), the undercover agent who made the attempted sale to Bonavita. The McDonough affidavit stated that Bonavita and co-defendant Michelle Malloy had agreed to purchase the kilogram of cocaine for -3- $17,000, with a $10,000 downpayment to be followed by delivery of the balance after distribution of the cocaine. McDonough also stated in the affidavit that Malloy later met with him to explain that she and Bonavita could only come up with a $6,500 down payment. In a memorandum and order dated July 19, 1994, the district court denied Bonavita's 2255 motion. Bonavita, in response to the government's opposition and affidavit, filed a motion requesting an opportunity to respond or for a hearing. That motion, dated July 20, 1994, was denied on August 1, 1994, on the ground that the district court had already denied the 2255 motion. II. Discussion  __ __________ "To succeed in setting aside a conviction premised on ineffective assistance of counsel, a petitioner must establish both constitutionally deficient performance on his attorney's part and concomitant prejudice, or, phrased another way, that the quality of legal representation at his trial was so inferior as to be objectively unreasonable, and that this incompetent lawyering redounded to his substantial detriment." United States v. McGill, 11 F.3d 223, 226 (1st ______________ ______ Cir. 1993) A.Sentencing Factor Manipulation ______________________________ This court has recognized, at least in theory, the doctrine of sentencing factor manipulation. See United States ___ _____________ -4- v. Connell, 960 F.2d 191, 196 (1st Cir. 1992); United States _______ _____________ v. Castiello, 915 F.2d 1, 5 n.10 (1st Cir. 1990), cert. _________ _____ denied, 498 U.S. 1068 (1991); see also U.S.S.G. 2D1.1 ______ ___ ____ comment note 17 (stating that a downward departure may be warranted where "in a reverse sting . . . the court finds that the government agent set a price for the controlled substance that was substantially below the market value of the controlled substance, thereby leading to the defendant's purchase of a significantly greater quantity of the controlled substance"). Given the lack of an evidentiary predicate in this case, however, the argument would not have held sway. See ___ Castiello, 915 F.2d at 5 n.10. "[T]he burden of showing _________ sentencing factor manipulation rests with the defendant." United States v. Gibbens, 25 F.3d 28, 31 (1st Cir. 1994). The _____________ _______ only evidentiary support that Bonavita has offered for the sentencing manipulation argument, either in his petition or in his briefs, is the pre-sentence report ("PSR").1 Bonavita alleges that the PSR states that the $6,500 was the full purchase price. Our review of the PSR, however, reveals  ____________________ 1. Bonavita refers to a government "de-briefing" in which Malloy allegedly stated that $6,500 represented the entire purchase price. Neither in his motion to respond to the government's opposition, nor in his briefs, however, has Bonavita suggested that Malloy would have testified to this effect, or even that Bonavita himself would testify that $6,500 was the full, agreed-upon purchase price. -5- that it fails to contain any such statement. The only reference to the $6,500 in the PSR is as follows: Bonavita and Malloy agreed to buy one kilogram of cocaine and pooled their money to make the purchase from Special Agent McDonough. Malloy delivered $6500 to McDonough at a shopping plaza in the North End of Springfield on December 23, 1987. This quote is far from a definitive statement that the $6,500 represented the full purchase price and, in fact, is equally consistent with a finding that the $6,500 represented a down payment. The McDonough affidavit directly refutes appellant's allegation that the $6,500 represented the full purchase price. Given the "inadequate factual foundation," Connell, 960 F.2d at 195, for the sentencing factor _______ manipulation argument in this case, counsel's failure to raise the issue did not constitute ineffective assistance. The district court denied Bonavita's 2255 petition only five days after the government filed its opposition, leaving little time for Bonavita, a pro se petitioner, to ___ __ respond thereto. Nonetheless, the district court did not err in denying the 2255 motion without a hearing where Bonavita failed to give any indication of how he would refute the McDonough affidavit. Even now, Bonavita relies solely on the PSR, which clearly does not contradict the McDonough affidavit. No sworn statments or other offers of testimony have been made. "When a petition is brought under 2255, -6- the petitioner bears the burden of establishing the need for an evidentiary hearing." United States v. McGill, 11 F.3d at _____________ ______ 225. An evidentiary hearing is not necessary where a 2255 motion "although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993). ______________ ______ Here, the district court supportably found that appellant's allegation that the $6,500 represented the entire purchase price was conclusively refuted by DEA Agent McDonough's detailed sworn statement. Therefore, the district court did not err in refusing to grant an evidentiary hearing. B. Failure to Depart Below Mandatory Minimum Sentence __________________________________________________ For the reasons stated by the district court, Bonavita has not established that his attorney's failure to argue that the district court could impose a sentence below the statutory minimum constituted ineffective assistance. Bonavita pleaded guilty to count four of the indictment which charged him with attempting to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. 841(b)(1)(B) and 18 U.S.C. 2. The conduct underlying the offense occurred in December, 1987. Section 841(b)(1)(B), mandating a minimum sentence of five years' imprisonment for violations involving 500 grams or more of cocaine, went into effect on October 27, 1986. See ___ -7- Gozlon-Peretz v. United States, 498 U.S. 395, 404-07 (1991). _____________ _____________ It is therefore indisputable that the statutory minimum was in effect at the time that the offense charged in count four occurred (and at the time that the offenses charged in count two occurred as well). A defendant's "substantial assistance" in investigating or prosecuting another, see 18 ___ U.S.C. 3553(e), "is virtually the only occasion on which the statutory minimums may be disregarded." United States v. _____________ Torres, 33 F.3d 130, 131 (1st Cir. 1994), cert. denied, ___ ______ _____________ U.S. ___, 115 S.Ct. 767 (1995). Bonavita does not claim to have provided such assistance. Therefore, the district court had no discretion to sentence Bonavita to less than five years for count four. His attorney's failure to argue otherwise was not ineffective assistance. C. Failure to Specify Sentence for Count Two _________________________________________ According to the pre-sentence report, the plea agreement provided that the government would recommend with respect to count two that the sentence run concurrently with the sentence imposed on count four. It is implicit in the district court's sentencing order that the court accepted that recommendation. Even if it was error for the district court not to specify the sentence, the failure could not have prejudiced Bonavita. The five-year sentence Bonavita received for count four was the mandatory minimum sentence -8- under the applicable statute. Therefore, the prejudice prong of the Strickland test has not been satisfied. __________ The denial of Bonavita's 2255 petition is affirmed. ________ -9-