_____

No. 96-3089
_____

United States of America,      *
                               *
        Appellee,              *
                               *   Appeal from the United States
    v.                         *   District Court for the
                               *   District of Nebraska.
Rodney G. Kinnison, also known *        [UNPUBLISHED]
as Hank Kinnison,              *
                               *
        Appellant.             *
_____

                Submitted:  December 26, 1996

                    Filed:  January 2, 1997
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


    Rodney G. Kinnison appeals the 60-month sentence he received after
pleading guilty to conspiring to distribute and possess with intent to
distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846.
Kinnison contends the government's refusal to move for a downward departure
was irrational, and thus the district court[1] erred in not departing
downward.  We affirm.


    In the written plea agreement, the government agreed to move for a
downward departure under U.S. Sentencing Guidelines Manual § 5K1.1 (1995)
and/or 18 U.S.C. § 3553(e) (1994) (permitting departure below statutory
minimum) if it determined Kinnison had provided substantial assistance in
the investigation or prosecution of one or more persons.  At sentencing,
the government recommended

_____

    [1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska.

the five-year statutory minimum and declined to move for a downward departure at that time because Kinnison's assistance had not yet been "substantial": his attempts to set up a buy were unsuccessful, and most of the individuals about whom he provided information had already been sentenced.  The government acknowledged that Kinnison had provided some corroborating evidence that led, in part, to one indictment, but stated he might still be called to testify in that case.  Kinnison asserted that he had provided substantial assistance and that the government's assessment was arbitrary.  The district court concluded that Kinnison had not made a substantial threshold showing that the government's refusal to move for a downward departure was irrational.

A district court may depart downward for substantial assistance without a government motion only when "the defendant makes a `substantial threshold showing' of prosecutorial discrimination or irrational conduct." United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992) (quoting Wade v. United States, 112 S. Ct. 1840, 1844 (1992)).  We agree with the district court that Kinnison failed to make such a showing, as his arguments amounted to nothing more than disagreement over whether his assistance was substantial, see id. (mere claim that defendant provided substantial assistance does not entitle him to remedy or evidentiary hearing), and the government's conclusion that Kinnison had not yet provided substantial assistance was not irrational, cf. United States v. Davila, 964 F.2d 778, 786 (8th Cir.) (desire to cooperate is not same as substantial assistance), cert. denied, 506 U.S. 964 (1992).  We note that the government has until July 1997 to file a motion under Federal Rule of Criminal Procedure 35(b) to reduce Kinnison's sentence based on post-sentencing substantial assistance.

The cases Kinnison relies on do not help him.  See United States v. Dixon, 998 F.2d 228, 231 (4th Cir. 1993) (noting that government conceded substantiality of assistance); United States v.

Torres, 33 F.3d 130, 132-33 (1st Cir. 1994) (concluding that it was not irrational to withhold departure motion from lower-level drug-ring member who tried to assist but had nothing to offer), cert. denied, 115 S. Ct. 767 (1995).  Furthermore, the record does not support Kinnison's contention that the government would have moved for a downward departure only if he had provided information resulting in a conviction.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.