**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4004

LAFAYETTE FITZGERALD BRADFORD,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-96-36)

Submitted: May 26, 1998

Decided: September 2, 1998

Before NIEMEYER, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gypsie LaVue Murdaugh, MURDAUGH LAW OFFICES, Lake City,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
William E. Day, II, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lafayette F. Bradford appeals the sentence he received after pleading guilty to possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). We affirm.

Pursuant to his plea agreement, Bradford agreed to assist the government in its drug investigations. The agreement further provided that if Bradford cooperated pursuant to the plea agreement and that cooperation was "deemed by Attorneys for the Government as providing substantial assistance," the Government would move the court to depart from Bradford's guideline range pursuant to U.S.S.G.* § 5K1.1 and 18 U.S.C.A. § 3553(e) (West 1985 & Supp. 1998), and/or Fed. R. Crim. P. 35(b).

At sentencing, the Government stated that it would not move for a downward departure and Bradford moved the court to compel the Government to make a motion for a downward departure. After hearing evidence on the issue, the court denied Bradford's motion.

On appeal, Bradford claims that the district court erred in denying his motion to compel the Government to make a downward departure motion. When a plea agreement promises unequivocally that the government will move for a substantial assistance departure in return for the defendant's substantial assistance, and the government subsequently decides not to file a § 5K1.1 motion, the defendant may claim that the agreement has been breached and move for specific performance. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991).

_____

*U.S. Sentencing Guidelines Manual (1995).

2

Bradford's plea agreement did not contain an unconditional promise to make a downward departure motion; rather, the Government agreed to deem whether Bradford's cooperation had been "substantial assistance" and, if so, to make a downward departure motion. See United States v. Dixon, 998 F.2d 228, 230-31 (4th Cir. 1993). Where the Government retains its discretion regarding whether it will make a substantial assistance motion, there is "no enforceable promise" because the plea agreement "explicitly reserv[ed] discretion rather than promising anything." See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). But see United States v. Knights, 968 F.2d 1483, 1487-88 (2d Cir. 1992) (remanding for a hearing despite Government's "sole and unfettered discretion" regarding motion). In this case, only when the Government deemed Bradford's cooperation as substantial assistance did the mandatory language regarding the motion for a downward departure become binding on the Government.

Because the Government had the discretion to choose whether to make the motion, the district court could only review the Government's failure to make the motion if the decision was based on an unconstitutional motive or was not rationally related to a legitimate governmental objective. See Wade v. United States, 504 U.S. 181, 185-86 (1992); Wallace, 22 F.3d at 87. To necessitate the court's review, Bradford was required to make a "`substantial threshold showing'" that transcended a mere recitation of the assistance he provided. Wade, 504 U.S. at 186.

At his sentencing hearing, Bradford acknowledged that the plea agreement gave the Government discretion to move for a downward departure, but argued that the Government abused that discretion by not moving for a downward departure. Thus, at sentencing and on appeal, Bradford emphasizes the evidence of Bradford's cooperation with the Government. However, "although a showing of assistance is a necessary condition for relief, it is not a sufficient one." Wade, 504 U.S. at 187.

Bradford claims that the Government's refusal to move for a downward departure was based on an improper motive because the Government did not want Bradford to get all of the value Bradford could out of his substantial assistance. In the same vein, Bradford alleges

3

that the Government's refusal was the result of its belief that Bradford would eventually get too much time reduced. The Wade Court held that a defendant would be entitled to relief if the prosecution refused to file a motion for a suspect reason such as the Defendant's race or religion. See 504 U.S. at 186. However, neither a claim that the defendant merely provided substantial assistance nor additional but generalized allegations of improper motive would entitle him to a remedy or even to discovery or an evidentiary hearing. Id.

We find that Bradford failed to make a "substantial threshold showing" of improper motive because the record reveals that the Government could have sought to increase Bradford's sentence after it determined that Bradford did not fulfill his obligations under the plea agreement, but failed to do so. See United States v. David, 58 F.3d 113, 114-15 (4th Cir. 1995) (because defendant breached plea agreement by jumping bail and failing to appear government's obligation to move for downward departure ended).

Bradford next claims that the district court erred by denying his motion to compel the Government to move for a downward departure because the Government's only reason for failing to make the motion was that Bradford allegedly failed a polygraph test and that allegation was based on hearsay testimony. The plea agreement provided that Bradford would submit to such polygraph examinations as might be requested by the Government. Bradford further agreed that "his failure to pass any such polygraph examinations to the Government's satisfaction" would result "at the Government's sole election" in the obligations of the Government within the agreement becoming null and void.

At sentencing, the Government presented evidence of the polygraph results indicating deception by Bradford without the presence or testimony of the agent who conducted the test. Bradford did not object to the admission of the evidence on the ground that the results amounted to hearsay and did not request a continuance in order to allow the polygrapher to be present. Instead, Bradford claimed that he had not lied during the polygraph examination and attempted to explain the results. Because the plea agreement explicitly stipulated that Bradford's failure to pass such a polygraph examination "to the Government's satisfaction" would result "at the Government's sole

4

election" in its obligations becoming null and void and the Government presented evidence that Bradford had not passed the polygraph examination to its satisfaction, Bradford did not make a "substantial threshold showing" of an improper motive. See Wade, 504 U.S. at 186. It is irrelevant that the Government's evidence may have been hearsay evidence because Bradford was given the opportunity to rebut the evidence by testifying. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993).

Lastly, Bradford claims that the district court erred by denying his motion to compel the Government to move for a downward departure because it concluded that it could give Bradford credit for his substantial assistance at a later time and such a position is precluded by law. This claim clearly lacks merit. The sentencing transcript reveals that the district court denied Bradford's motion because it found "no bad faith or abuse of discretion by the prosecution in its handling of [Bradford's] cooperation." The court further found "no basis on which to interfere with the prosecution's decision not to make the motion" for a downward departure. The court did not state that a possible Rule 35(b) motion in the future was a factor that it considered in making its ruling to deny Bradford's motion. In responding to other issues raised by Bradford at sentencing, the district judge noted that just because she denied the motion to compel the Government to make a downward departure motion did not mean that she did not think that Bradford cooperated to a certain extent. The district judge further stated that if a Rule 35(b) motion was filed in the future, she would give that cooperation favorable consideration. Because the district court did not base its decision to deny the motion to compel on the reasoning Bradford suggests, we will not consider the merits of his claim.

Under the plea agreement, the Government had the discretion to determine whether the cooperation qualified as substantial assistance. The Government declined to make a downward departure motion because it determined that Bradford's assistance did not aid in the resolution of any criminal investigation. Thus, the Government was not obligated under the plea agreement to make a downward departure motion. Furthermore, Bradford fails to make a showing that the Government's decision not to make the motion was based on an unconsti-

5

tutional motive or was not rationally related to a legitimate governmental objective. See Wade, 504 U.S. at 185-86.

Accordingly, we affirm Bradford's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6