**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie James DIXON, Defendant–Appellant.**

**No. 92–5780.**

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1993.

Decided July 2, 1993.

Susan Zalkin Hitt, Asst. Federal Public Defender, Columbia, SC, argued, for defendant-appellant.

---

**12.** Akers' injunctive claim has been mooted by his death.

Eric William Ruschky, Asst. U.S. Atty., Columbia, SC, argued (John S. Simmons, U.S. Atty., on brief), for plaintiff-appellee.

Before HALL and HAMILTON, Circuit Judges, and HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## OPINION

K.K. HALL, Circuit Judge:

Willie Dixon was convicted of possession of a firearm by a convicted felon, and he appeals his fifteen-year sentence. Because the government breached the plea agreement by refusing to make a motion for a substantial assistance departure, we vacate the sentence and remand for resentencing.

### I.

On April 6, 1991, Willie Dixon and another man committed a burglary. Dixon stole a gun in the process. Later that evening, during a traffic stop, Dixon consented to a search of his car, the gun was discovered, and he was arrested.

Dixon was charged by a federal grand jury with possession of a firearm by a convicted felon. 18 U.S.C. § 922(g). Moreover, because Dixon had several prior burglary convictions, he was subject to a fifteen-year minimum sentence as an armed career criminal. 18 U.S.C. § 924(e)(1). A sentence below this statutory minimum is possible only where the government moves for a reduced sentence "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e); *see also* 28 U.S.C. § 994(n) (directing Sentencing Commission to take substantial assistance into account) and U.S.S.G. § 5K1.1 (doing so).

On January 17, 1992, Dixon entered a guilty plea to the charge, pursuant to a plea agreement in which the government promised (emphasis in original):

Should the Defendant, WILLIE JAMES DIXON, cooperate with the government in this District or any other district with regard to pending investigations *and* that cooperation is deemed by the Government

as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to Section 5K1.1 of those Guidelines.

Following his guilty plea, Dixon cooperated with agents of the Bureau of Alcohol, Tobacco, and Firearms (BATF) in the investigation of two large drug trafficking organizations in the Charlotte, North Carolina, area. On June 3, 1992, an Assistant United States Attorney filed a written motion for downward departure based on Dixon's assistance. The motion explained that "Dixon's detailed admissions of drug transactions with members of both organizations have greatly strengthened the Government's case," and, therefore, he had "provided substantial assistance in the investigation of these criminal enterprises." However, on June 16, 1992, the same government attorney moved to withdraw the motion. The basis of this withdrawal was not any recantation or double-cross by Dixon, but rather the attorney's failure to obtain, as required by an internal office policy, the prior approval of the United States Attorney before making the substantial assistance motion.

Alleging that the government had breached the plea agreement, Dixon immediately moved for a downward departure. At the sentencing hearing, the prosecutor again lauded Dixon's efforts:

I will state for the record now, Mr. Dixon has cooperated in accordance with the terms of the plea agreement. He provided very good information. He has taken a polygraph and passed it. I am not disputing that. I want him to be congratulated for what he has done.

Nonetheless, because the government wanted to maintain pressure on Dixon with a "brass ring ... to keep holding out for," the prosecutor declined to "deem" Dixon's assistance "substantial" at that point. The district court decided to continue the sentencing hearing for a few months "to give the gov-

ernment a chance to figure out where they are going."

On November 5, 1992, the hearing was resumed. The government took the position that, when Dixon testified at one of two upcoming trials, his assistance would then be "substantial" and the government would make either a § 5K1.1 motion or a Fed. R.Cr.P. 35(b) motion for reduction in sentence.*

Dixon called BATF agent Chris Hyman as a witness. Hyman described Dixon's cooperation. Hyman agreed that one indictment of four "upper level" drug dealers was a direct result of information provided by Dixon, and that Dixon was cooperative and truthful.

> He gave us in-depth information, detailed information, relating to conversations, meetings with various members of both organizations. I myself felt that he was being 100 percent cooperative with me and with the other agents that interviewed him.

Hyman also offered his opinion that Dixon had provided "substantial assistance" and had "cooperated" as contemplated by the plea agreement.

The government's brief cross-examination of Hyman clarified only that Dixon was expected to testify at the trials of the persons to whom he had led investigators.

The district court held that, because of the "deemed by the government" language, which created a "condition precedent" within the government's complete control, the plea agreement promise was not "binding." Therefore, the court denied the downward departure.

Dixon appeals.

## II.

## A.

█ As a general matter, the government has the power, but not the duty, to make a motion for a downward departure under U.S.S.G. § 5K1.1. In other words, no amount of "substantial assistance," standing

alone, obligates the government to make the motion. *Wade v. United States,* ── U.S. ──, ──, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992). On the other hand, district courts may review the decision not to make the motion to assure that the government's motive comports with the Constitution. *Id.* at ── ─ ──, 112 S.Ct. at 1843–1844.

█ Thus, within constitutional bounds, the government enjoys unbridled discretion in doling out the reward of a § 5K1.1 motion. When the defendant faces an otherwise impregnable statutory minimum sentence, this discretion gives the government a potent bargaining chip for plea agreement discussions. By playing this chip, the government bridles its discretion with the terms of the agreement, and the district court has the power to review the government's refusal to make the motion just as it would any alleged breach of the plea agreement. *United States v. Conner,* 930 F.2d 1073, 1075–1076 (4th Cir.), *cert. denied,* ── U.S. ──, 112 S.Ct. 420, 116 L.Ed.2d 440 (1991); *see Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) ("when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled").

█ Though plea agreements are generally interpreted under the law of contracts, the constitutional basis of the defendant's "contract" right and concerns for the honor and integrity of the government require holding the government responsible for imprecisions or ambiguities in the agreement. *United States v. Harvey,* 791 F.2d 294, 300–301 (4th Cir.1986); *United States v. Garcia,* 956 F.2d 41, 43–44 (4th Cir.1992) (government could not rely on parol evidence rule to avoid written promise in prosecutor's cover letter to defense counsel). As in ordinary contract law, the burden of proving the breach is on the party asserting it, in this case the defendant. *Conner,* 930 F.2d at 1076.

---

* At argument, the government represented that it is now prepared to make a Rule 35 motion. If

so, the government will have little quarrel with the result we reach today.

## B.

Here, the district court focused on the language of the plea agreement stating that Dixon's cooperation must be "deemed by the Government as providing substantial assistance." The court held that this language, unlike the provision in *Conner*, referred to the subjective judgment of the United States, and, inasmuch as the government controlled the "condition precedent," the promise to make the motion was not "binding."

The "deemed by the government" language cannot be read quite so deferentially. The government undertook to "deem" whether Dixon's assistance had been substantial, and not whether it should withhold the § 5K1.1 motion for some unrelated tactical reason. The government promised to "deem," one way or the other. It must keep this promise.

This case does not involve a dispute over the quality or completeness of the assistance, as in *Conner*. Everyone who has said anything on this record on behalf of the government has described Dixon's assistance in glowing terms. The government has repeatedly conceded that Dixon has given substantial assistance in the *investigation* of crimes; nevertheless, it wants to withhold the motion until it receives substantial assistance in the *prosecution* as well. However rational this strategy may be, the government has no right to insist on assistance in both investigation and prosecution under the plea agreement. The agreement states that the government will make the downward departure motion if it deems Dixon's assistance substantial "in the investigation *or* prosecution of another person . . . ." (emphasis added). Thus, Dixon's providing substantial assistance in the investigation of another person has already triggered the government's duty under the plea agreement.

The United States has consistently deemed Dixon's assistance in investigating others substantial. Dixon is entitled to specific performance of the government's promise to move for a substantial assistance departure. Therefore, the sentence is vacated, and the case is remanded for resentencing.

VACATED AND REMANDED FOR RESENTENCING.