33 F.3d 53
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan Dewayne LITTLE, a/k/a Johnathan Duwayne Little,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Alonza SWINSON, Defendant-Appellant.
 Nos. 93-5652, 93-5749.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 5, 1994.
Decided: Aug. 17, 1994.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Winston-Salem. William L. Osteen, Sr., Norwood Carlton Tilley, Jr., District Judges. (CR-92-238-WS)
 Urs Roland Gsteiger, Wilson & Iseman; L. Todd Burke Friende & Burke, Winston-Salem, NC, for appellants.
 Benjamin H. White, Jr., U.S. Atty., David B. Smith, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jonathan Dewayne Little entered a guilty plea to one count of conspiring to possess crack with intent to distribute and to distribute crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1993), and one count of using and carrying a firearm in a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1993). He appeals his sentence, contending that the district court erred in refusing to compel the government to file a substantial assistance motion.* Christopher Alonza Swinson entered a guilty plea to one count of conspiracy to possess crack cocaine with intent to distribute and to distribute crack, 21 U.S.C.A. Sec. 846 (West Supp.1993). He also appeals his sentence, alleging that the district court erred in finding that he was not entitled to a minor role adjustment on the basis of his relevant conduct, see U.S.S.G. Sec. 1B1.3. We affirm.
 
 
 2
 Little and Swinson were both involved in a conspiracy which brought cocaine to North Carolina from New York and New Jersey and distributed crack cocaine in North Carolina from the fall of 1991 until the end of September 1992. Joseph Reddick was the leader of the conspiracy. Christiaan Smith was an upper-level supervisor who distributed wholesale drug quantities to other dealers, including Leroy Richardson, Jr. Swinson had a social relationship with Reddick, and participated in the conspiracy by acting as an assistant and a driver for Smith and by wiring or delivering drug proceeds to New York. Little was a driver for Richardson and made drug deliveries.
 
 
 3
 Little's plea agreement provided that the government would make a section 5K1.1 motion if he rendered substantial assistance by testifying against certain co-conspirators, but stated that "the decision whether to file substantial assistance pleadings rests solely with the government." Little testified twice against Joy Malissa Barber and Leroy Richardson, Sr. The first proceeding ended in a mistrial. Barber was apparently convicted after the second trial; Leroy Richardson, Sr., was acquitted. Convinced that Little's testimony against Leroy Richardson, Sr., had been untruthful, the government charged him with perjury. At the time he was sentenced, Little was awaiting trial on the perjury charge. He was later acquitted.
 
 
 4
 At Little's sentencing hearing, defense counsel argued that Little had rendered substantial assistance in the prosecution of Joy Barber and asked the court to compel the government to move for a substantial assistance departure. The district court held that it had no authority to compel the government to make the motion. Little contends on appeal that the district court erred in failing to find that the government breached the plea agreement when it refused to file a section 5K1.1 motion.
 
 
 5
 When a plea agreement promises unequivocally that the government will move for a substantial assistance departure in return for the defendant's substantial assistance, and the government subsequently decides not to file a section 5K1.1 motion, the defendant may claim that the agreement has been breached and move for specific performance. United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991). The district court must then make a factual determination as to whether the defendant has provided substantial assistance. If it finds that he has, the district court has the authority to order specific enforcement of the agreement. United States v. Dixon, 998 F.2d 228, 231 (4th Cir.1993).
 
 
 6
 Here, the plea agreement did not contain a binding promise that the government would make the section 5K1.1 motion if Little provided substantial assistance. Therefore, the district court correctly found that it lacked the authority to enforce the agreement under Conner or to depart on its own determination that Little had given substantial assistance. See United States v. Wallace, --- F.3d ----, 1994 WL 143762, (4th Cir. Apr. 25, 1994).
 
 
 7
 Swinson filed objections to his presentence report, asserting in part that he was due a reduction in offense level as a minor participant. U.S.S.G. Sec. 3B1.2. The probation officer responded that he viewed Swinson as an average participant, and that Swinson had the burden of proving any mitigating factors. See United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir.), cert. denied, 493 U.S. 943 (1989). In the sentencing hearing, Swinson chose not to present any additional evidence. He relied on the brief description of his activities in the presentence report. The government attempted to proffer a summary of evidence concerning Swinson from the trials of two codefendants, but the district court refused to consider it.
 
 
 8
 Swinson then emphasized that the amount of crack attributed to him, 500 grams to 1.5 kilograms of crack, was much less than the whole amount which was estimated to have been distributed during the life of the conspiracy. The district court held that it was limited to considering Swinson's relevant conduct, and found that Swinson was not a minor participant. The district court wrongly believed that it should not consider the conspiracy as a whole in deciding whether Swinson had a minor role.
 
 
 9
 In United States v. Daughtrey, 874 F.2d 213, 216 (4th Cir.1989), this Court held that a role adjustment is to be determined "not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable ... but also by measuring each participant's individual acts and relative culpability against the elements of the offense of conviction." In United States v. Westerman, 973 F.2d 1422, 1427-28 (8th Cir.1992), the Eighth Circuit applied Daughtrey in deciding that the defendant's role should be determined within the broader mail fraud conspiracy of which he was a part, not the limited arson conspiracy in which he participated.
 
 
 10
 However, despite this error, the court's determination that Swinson was not a minor participant is not clearly erroneous. Swinson failed to meet his burden of proof by showing that a minor role adjustment was warranted. A minor participant in criminal activity is one "who is less culpable than most other participants." U.S.S.G. Sec. 3B1.2, comment. (n.3). The background commentary explains that section 3B1.2 provides adjustments for defendants who are "substantially less culpable than the average participant." On appeal as in the district court, Swinson relies principally on the amount of crack used to compute his base offense level to support his claim that he was a minor participant. His argument overlooks the fact that the same amount was recommended as relevant conduct for most of his co-defendants, including those described as upper-level members of the conspiracy from whom he seeks to distinguish himself: Christiaan Smith, Frank Scales, Albert Reid, and William Commodore. The amount of crack recommended as relevant conduct for Swinson, therefore, is not evidence that he had a minor role in the offense. Because Swinson did not produce any other evidence on which the district court could have found him a minor participant, the court's determination that he was not a minor participant was not clearly erroneous.
 
 
 11
 We therefore affirm the sentence imposed on Swinson in No. 93-5749 and the sentence imposed on Little in No. 93-5652. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov.1992)