74 F.3d 1234
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James A. TOWNSEND, Defendant-Appellant.
 No. 95-5184.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 19, 1995.
Decided Jan. 12, 1996.
 
 Creighton B. Coleman, MCCUTCHEN, BLANTON, RHODES & JOHNSON, L.L.P., Winnsboro, South Carolina, for Appellant. J. Preston Strom, Jr., United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 Before LUTTIG and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant James A. Townsend appeals his sentence for the transportation of fraudulently acquired property under 18 U.S.C. Sec. 2 (1988), 18 U.S.C.A. Secs. 1341, 2314 (West Supp.1995). The plea agreement unambiguously provided that if the Government deemed Townsend's assistance to be substantial, the Government would move for a downward departure. Although Townsend provided some assistance, the Government did not deem the assistance to be substantial, and consequently declined to file a USSG Sec. 5K1.1 (Nov.1994) motion. Townsend claims the Government breached its plea agreement with Townsend by failing to move for a downward departure in his sentence based on substantial assistance under Sec. 5K1.1. Townsend claims the Government's decision was not rationally related to a legitimate governmental objective. Finding no error, we affirm.
 
 
 2
 A party alleging the breach of a plea agreement bears the burden of proving that breach. United States v. Dixon, 998 F.2d 228, 230 (4th Cir.1993). While a district court generally cannot review the Government's refusal to move for a Sec. 5K1.1 departure, review is necessitated if the defendant makes a "substantial threshold showing" that the Government's decision was not rationally related to a legitimate governmental objective. Wade v. United States, 504 U.S. 181, 185-86 (1992); see United States v. Conner, 930 F.2d 1073 (4th Cir.), cert. denied, 502 U.S. 958 (1991). The threshold showing must transcend a mere recitation of the assistance provided by the defendant. Wade, 504 U.S. at 186.
 
 
 3
 Townsend fails to make the substantial threshold showing. Rather, he only offers a mere recitation of the extent of his assistance. As the Supreme Court noted in Wade, "[a]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one." Id. at 187. Thus, we affirm the district court's order. We dispense with oral argu ment because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED