**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5184

JAMES A. TOWNSEND,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-94-441-MJP, CR-94-914-MJP, CR-94-859-MJP)

Submitted: December 19, 1995

Decided: January 12, 1996

Before LUTTIG and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Creighton B. Coleman, MCCUTCHEN, BLANTON, RHODES &
JOHNSON, L.L.P., Winnsboro, South Carolina, for Appellant.
J. Preston Strom, Jr., United States Attorney, Dean A. Eichelberger,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant James A. Townsend appeals his sentence for the transportation of fraudulently acquired property under 18 U.S.C. § 2 (1988), 18 U.S.C.A. §§ 1341, 2314 (West Supp. 1995). The plea agreement unambiguously provided that if the Government deemed Townsend's assistance to be substantial, the Government would move for a downward departure. Although Townsend provided some assistance, the Government did not deem the assistance to be substantial, and consequently declined to file a USSG § 5K1.1 (Nov. 1994) motion. Townsend claims the Government breached its plea agreement with Townsend by failing to move for a downward departure in his sentence based on substantial assistance under § 5K1.1. Townsend claims the Government's decision was not rationally related to a legitimate governmental objective. Finding no error, we affirm.

A party alleging the breach of a plea agreement bears the burden of proving that breach. United States v. Dixon , 998 F.2d 228, 230 (4th Cir. 1993). While a district court generally cannot review the Government's refusal to move for a § 5K1.1 departure, review is necessitated if the defendant makes a "substantial threshold showing" that the Government's decision was not rationally related to a legitimate governmental objective. Wade v. United States, 504 U.S. 181, 185-86 (1992); see United States v. Conner, 930 F.2d 1073 (4th Cir.), cert. denied, 502 U.S. 958 (1991). The threshold showing must transcend a mere recitation of the assistance provided by the defendant. Wade, 504 U.S. at 186.

Townsend fails to make the substantial threshold showing. Rather, he only offers a mere recitation of the extent of his assistance. As the Supreme Court noted in Wade, "[a]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one." Id. at 187. Thus, we affirm the district court's order. We dispense with oral argu-

2

ment because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3