103 F.3d 122
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Lee SCOTT, a/k/a Straight, a/k/a James Antonio
Coleman, Defendant-Appellant.
 No. 95-5083.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1996.
Decided Nov. 21, 1996.
 
 Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 
 1
 Norman Butler, LAW OFFICE OF HAROLD J. BENDER, Charlotte, North Carolina, for Appellant.
 
 
 2
 Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 
 
 3
 W.D.N.C.
 
 
 4
 AFFIRMED.
 
 OPINION
 PER CURIAM:
 
 5
 Appellant Anthony Lee Scott appeals his sentence for conspiracy to possess with intent to distribute cocaine base under 21 U.S.C. § 846 (1994). The plea agreement unambiguously provided that if the Government determined that Scott's assistance was substantial, the Government would move for a downward departure. Although Scott provided some assistance, the Government did not deem the assistance to be substantial, and consequently declined to file a USSG § 5K1.1* motion. Scott claims that the Government breached the plea agreement by failing to move for a downward departure. Further, Scott asserts that the Government's decision was not rationally related to a legitimate governmental objective. Finding no error, we affirm.
 
 
 6
 A party alleging the breach of a plea agreement bears the burden of proving that breach. United States v. Dixon, 998 F.2d 228, 230 (4th Cir.1993). While a district court generally cannot review the Government's refusal to move for a § 5K1.1 departure, review is necessitated if the defendant makes a "substantial threshold showing" that the Government's decision was not rationally related to a legitimate governmental objective. Wade v. United States, 504 U.S. 181, 185-86 (1992). The threshold showing must transcend a mere recitation of the assistance provided by the defendant. Id. at 186.
 
 
 7
 Scott fails to make the substantial threshold showing. Rather, he offers only a description of the extent of his assistance. As the Supreme Court noted in Wade, "[a]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one." Id. at 187. Thus, we affirm Scott's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov.1994). Scott was sentenced in January 1995