**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5083

ANTHONY LEE SCOTT, a/k/a Straight,
a/k/a James Antonio Coleman,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-94-1-P)

Submitted: November 7, 1996

Decided: November 21, 1996

Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Norman Butler, LAW OFFICE OF HAROLD J. BENDER, Charlotte,
North Carolina, for Appellant. Mark T. Calloway, United States
Attorney, Gretchen C.F. Shappert, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Anthony Lee Scott appeals his sentence for conspiracy to possess with intent to distribute cocaine base under 21 U.S.C. § 846 (1994). The plea agreement unambiguously provided that if the Government determined that Scott's assistance was substantial, the Government would move for a downward departure. Although Scott provided some assistance, the Government did not deem the assistance to be substantial, and consequently declined to file a USSG § 5K1.1* motion. Scott claims that the Government breached the plea agreement by failing to move for a downward departure. Further, Scott asserts that the Government's decision was not rationally related to a legitimate governmental objective. Finding no error, we affirm.

A party alleging the breach of a plea agreement bears the burden of proving that breach. United States v. Dixon , 998 F.2d 228, 230 (4th Cir. 1993). While a district court generally cannot review the Government's refusal to move for a § 5K1.1 departure, review is necessitated if the defendant makes a "substantial threshold showing" that the Government's decision was not rationally related to a legitimate governmental objective. Wade v. United States, 504 U.S. 181, 185-86 (1992). The threshold showing must transcend a mere recitation of the assistance provided by the defendant. Id. at 186.

Scott fails to make the substantial threshold showing. Rather, he offers only a description of the extent of his assistance. As the Supreme Court noted in Wade, "[a]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one." Id. at 187. Thus, we affirm Scott's sentence. We dispense with oral arugment because the facts and legal contentions are adequately presented in the

_____

*United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1994). Scott was sentenced in January 1995.

2

materials before the court and argument would not aid the decisional process.

AFFIRMED

3