**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                              No. 96-4027

LARRY LEE HAYNES,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-95-64)

Submitted: March 13, 1997

Decided: March 21, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Henry M. Anderson, THE SALEBY LAW FIRM, Florence, South
Carolina, for Appellant. J. Rene Josey, United States Attorney,
Sean
Kittrell, Assistant United States Attorney, Charleston, South
Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Larry Lee Haynes appeals his sentences for various drug crimes. The plea agreement unambiguously provided that if "Attorneys for the Government" determined that Haynes provided substantial assistance, the Government would move for a downward departure. Although Haynes provided some assistance, the Government did not deem the assistance to be substantial, and consequently declined to file a USSG § 5K1.1* motion. Haynes claims that the Government breached the plea agreement by failing to move for a downward departure and that the district court erred by failing to find he provided the Government with substantial assistance. He also claims that the district court erred by denying his motion to continue sentencing. Finding no error, we affirm.

A party alleging breach of a plea agreement bears "the burden of proving the breach." United States v. Dixon , 998 F.2d 228, 230 (4th Cir. 1993). While a district court generally cannot review the Government's refusal to move for a § 5K1.1 departure, review is necessitated if the defendant makes a "substantial threshold showing" that the Government's decision was not rationally related to a legitimate governmental objective. Wade v. United States, 504 U.S. 181, 186 (1992). The threshold showing must transcend a mere recitation of the assistance provided by the defendant. Id. at 187.

Haynes fails to make a substantial threshold showing. Rather, he merely offers a description of the extent of his assistance. As the Supreme Court noted in Wade, "[a]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one." Id. at 187.
We also do not find that the district court abused its discretion by denying Haynes' motion to continue the sentencing hearing. See United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). Thus, we affirm Haynes' sentences. We grant Appellant's motion to file a pro se supplemental formal brief but find the claims raised therein to be without merit. We deny Haynes' motion for "Disclosure of Signed

---

*United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1995). Haynes was sentenced in December 1995.

Grand Jury Concurrence Form." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3