UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4684

BOBBY PALMER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-97-52)

Submitted: July 28, 1998

Decided: September 21, 1998

Before ERVIN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Albert Q. Taylor, Jr., TAYLOR & HENRY, Greenville, South Caro-
lina, for Appellant. J. Rene Josey, United States Attorney, Harold W.
Gowdy, III, Assistant United States Attorney, Greenville, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby Palmer appeals from his conviction and thirty-seven month sentence for being an accessory after the fact to bank robbery. See 18 U.S.C.A. § 3 (West Supp. 1998). He asserts that the trial court erred in interrupting defense counsel's cross-examination of a witness and stating that counsel had erroneously stated the law and erred in excluding exculpatory statements he made during a recorded telephone conversation. He also asserts that a government agent's false testimony denied him a fair trial and that his sentence was erroneously enhanced based on the express threat of death made during the bank robbery. For the reasons that follow, we affirm Palmer's conviction, but vacate his sentence and remand for resentencing.

I.

The evidence at trial showed that Gregory Daniels robbed a federally insured bank in Inman, South Carolina. Although he did not have a weapon, during the robbery Daniels put his hand in his jacket to suggest that he had one. Several days later, after admitting to the bank robbery in a telephone message to the state prosecutor, Daniels traveled to Spartanburg, contacted Palmer and told Palmer that the police were looking for him. In Spartanburg, Daniels registered in his own name for two nights at a motel.

Daniels testified that he told Palmer that he had robbed a bank, that agents from the Federal Bureau of Investigation were looking for him, and asked Palmer to help him. Palmer took Daniels from the motel where he was staying, registered him at the Main Street Motel in Palmer's name, and paid for the room. Daniels also testified that while he was in the nightclub owned by Palmer, he saw his picture on television in connection with the bank robbery. Palmer was with him when he watched this broadcast.

2

II.

To discredit Daniels' testimony, Palmer's attorney sought to emphasize that Daniels' plea agreement provided that the government would move for a downward departure in Daniels' sentence if he furnished substantial assistance to the government. Counsel inquired of Daniels on cross-examination whether in his plea agreement the government agreed to move for the downward departure "as a result of any testimony or assistance you furnished them." After receiving an affirmative response and establishing that Daniels was represented by the public defender at the time, counsel queried: "And, of course, the public defender advised you that that was an enforceable agreement between you and the government, didn't they?"

The court interrupted and stated: "That's bad law and you know it." The court then clarified that the question incorrectly implied that Daniels would get a sentence reduction simply for testifying in this case. However, the law requires that Daniels testify truthfully and that the decision of whether to grant the departure and how much, if any, to depart from the guideline range was entirely up to the judge. Counsel then resumed cross-examination, effectively presenting to the jury that Daniels hoped to obtain a lesser sentence because of his testimony against Palmer.

We find no error--much less plain error--in the trial judge's interruption of counsel to correct a potential misunderstanding by the jury of the enforceability of the relevant provision in the plea agreement. See United States v. Olano, 507 U.S. 725 (1993). As we have often stated, the trial judge is to take an active role in ensuring that the jury understand the evidence presented and the relevant legal doctrines.

> It cannot be too often repeated, or too strongly emphasized, that the function of a federal trial judge is not that of an umpire or of a moderator at a town meeting. He sits to see that justice is done in the cases heard before him; and it is his duty to see that a case on trial is presented in such a way as to be understood by the jury, as well as by himself.

Simon v. United States, 123 F.2d 80 (4th Cir. 1941). Although the government's agreement to move for the downward departure if Dan-

3

iels provided substantial assistance was an enforceable agreement, see United States v. Dixon, 998 F.2d 228, 231 (4th Cir. 1993), the trial judge properly interrupted counsel's line of questioning to prevent the jury from believing that Daniels would automatically receive a lesser sentence in exchange for his testimony against Palmer. Our review of the record does not support Palmer's assertion that the court's remarks completely gutted counsel's attack on Daniels' credibility. Rather, counsel continued his cross-examination and effectively communicated to the jury that Daniels was testifying in the hope of obtaining a lesser sentence.

III.

Palmer next argues that the trial court erred in excluding as substantive evidence, a tape-recorded telephone conversation between Daniels and Palmer during which Palmer made self-serving, exculpatory comments. Considering the totality of the circumstances, including the content of the recording and the manner in which it was obtained, the district court determined that the tape recording was inadmissable hearsay. We review questions of admissibility of evidence only for clear abuse of discretion. See United States v. Whittington, 26 F.3d 456, 465 (4th Cir. 1994); see also Bourjaily v. United States, 483 U.S. 171, 181 (1987) (admissibility under Fed. R. Evid. 801(d)(2)(E)); United States v. Heater, 63 F.3d 311, 324 (4th Cir. 1995) (admissibility pursuant to Fed. R. Evid. 801(d)(2)).

Palmer sought to introduce the tape recording of the phone conversation in which he stated that at the time he assisted Daniels, he did not know that Daniels had robbed the bank. The recording was sought to be introduced as evidence of Palmer's lack of knowledge. This is inadmissible hearsay, which, due to its lack of any indicia of reliability or trustworthiness, does not fit into any of the exceptions to the rule mandating the exclusion of hearsay. See United States v. Jackson, 780 F.2d 1305, 1316 (7th Cir. 1986); United States v. Woosley, 761 F.2d 445, 449 (8th Cir. 1985) (inadmissibility of letter asserting innocence and entrapment written to the grand jury after indictment); United States v. DeLuca, 692 F.2d 1277, 1285 (9th Cir. 1982). The evidence sought to be admitted--that Palmer was not aware that Daniels had robbed the bank--was more appropriately admitted through Palmer's direct testimony at trial. See Woosley , 761 F.2d at 449. We

4

find no abuse of discretion in the trial court's denial of admission of Palmer's self-serving statements.

IV.

The third issue Palmer asserts on appeal is that he was denied his right to a fair trial based on allegedly false information in the arrest warrant and allegedly false testimony by a government agent. However, Palmer had ample opportunity before the trial to investigate the facts of this case. Also, Palmer had the opportunity during the trial to cross-examine the government agent. We find no denial of a fair trial. To the extent that Palmer is asserting a claim of ineffective assistance of counsel, such claim should be raised by motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), in the district court and not on direct appeal, unless it "conclusively appears" on the record that counsel provided ineffective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991); United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973). Because the record does not establish conclusively that Palmer received ineffective assistance of counsel, we will not address the issue.

V.

Finally, Palmer challenges the two-level enhancement to his sentence based on Daniels' use of a threat during the commission of the robbery. The base offense level for accessory after the fact is six levels lower than "the offense level for the underlying offense." USSG § 2X3.1 (Accessory After the Fact).[1] The commentary to this section defines "underlying offense" as "the offense as to which the defendant is convicted of being an accessory" and instructs the court to "[a]pply the base offense level plus any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant." Id. § 2X3.1, comment. (n.1). Here, the offense level for the underlying offense of robbery is governed by USSG § 2B3.1. Section 2B3.1(a) provides for a base offense level of twenty. Subtracting six levels from this to obtain the base offense level for accessory after the fact, USSG § 2X3.1, results in a base

_____

[1] U.S. Sentencing Guidelines Manual § 2X3.1 (1995).

5

offense level of fourteen. The offense level is then increased by the specific offense characteristics that were known or reasonably should have been known by Palmer. The evidence in the record discloses that Palmer knew or should have known that the property of a financial institution was taken, therefore, Palmer's offense level was properly increased by two. USSG § 2B3.1(b)(1). It is unclear from the record whether Palmer knew or reasonably should have known the amount of the loss or whether an express threat of death was made during the robbery.**2** Therefore, we vacate Palmer's sentence and remand to the district court for resentencing. On resentencing, the district court should make factual findings as to which, if any, specific offense characteristics were known or reasonably should have been known by Palmer.

VI.

In conclusion, we affirm Palmer's conviction, but vacate his sentence and remand for resentencing in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED
IN PART; AND REMANDED

_____

**2** The district court erred in applying the increase for use of an express threat of death based only on its conclusion that, because Palmer knew Daniels robbed a bank, "it reasonably should have been known by [Palmer] that some form of threat against the employees was known." The two-level increase for robbery of a financial institution adequately accounts for the additional danger involved in robbery of a bank.