**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-6594

MELVIN E. BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-95-787)

Argued: January 27, 1999

Decided: March 15, 1999

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Fletcher Nettles, IV, Assistant Federal Public
Defender, Florence, South Carolina, for Appellant. William Earl Day,
II, Assistant United States Attorney, Florence, South Carolina, for
Appellee. **ON BRIEF:** J. Rene Josey, United States Attorney, Flor-
ence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Melvin E. Brown pled guilty to drug charges, and he now appeals to contest his sentence. Brown maintains that his plea agreement obligated the Government to move for a downward departure from the sentence set by the Sentencing Guidelines based on his assertedly substantial assistance to the Government. The district court, Brown argues, erred in failing to find that the Government's refusal to make such a motion constituted a breach of the plea agreement.

The plea agreement provides that if Brown cooperates and "that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to 5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e), and/or move the Court for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure."

Prior to being sentenced, Brown provided the Government with information about the illegal activities of several individuals, including Willie Camp. Nevertheless, at the time of sentencing, the Government did not file a motion for downward departure pursuant to § 5K1.1 of the Guidelines. Brown did not object to its failure to do so, and the court accordingly sentenced Brown to 60 months without any allowance for substantial assistance.

Brown maintains that he further assisted the Government after his sentencing by providing additional information about Willie Camp and agreeing to testify against Camp, who had been arrested but who was then unwilling to plead guilty. Brown also asserts that during this same time period a prosecutor made certain representations to him

2

concerning his assistance in the Camp prosecution. Brown testified that "[the agent] said that hopefully the information that I give him would be substantial enough to get [Camp] to plead, but if not, he wanted to know if I would plead, you know, come on the stand and testify against him." Brown agreed to testify against Camp, but his testimony proved to be unnecessary because Camp ultimately pled guilty.

A year after imposition of his sentence, Brown asked the district court to require the Government to make a motion under Fed. R. Crim. P. 35(b) for a reduction of Brown's sentence based on his substantial assistance. Brown claimed that the assistance he had provided required the Government to make the motion and that its failure to do so constituted a breach of the plea agreement.*

At the hearing on the Rule 35 motion, the district court correctly held that the plea agreement obligated the Government to make a good faith determination as to whether Brown had provided substantial assistance and to make a 35(b) motion on his behalf if the assistance provided was in fact found to be substantial. See United States v. Dixon, 998 F.2d 228, 231 (4th Cir. 1993) (plea agreement providing that Government would file motion if cooperation is "deemed by the Government as providing substantial assistance" obligates Government to "`deem,' one way or another"). The district court concluded, however, that Brown was not entitled to have the Government make a Rule 35(b) motion because there was "a failure of proof that the amount of cooperation [he had] rendered did or was deemed by the attorneys for the government to provide substantial assistance."

We have carefully reviewed the evidence before the district court and conclude that it did not err in so holding. The Government clearly had, independent of Brown's testimony, abundant evidence against Camp, including Camp's own confession and the testimony of other drug dealers. The Court explained that it had

_____

*Brown did not, and does not, contend that the Government had unconstitutional motives, such as racial or religious bias, or any motive not rationally related to a legitimate government end, for refusing to make a substantial assistance motion on his behalf. Accordingly, Wade v. United States, 504 U.S. 181 (1992), provides no assistance to Brown.

3

heard testimony from a number of significant drug dealers at the time of Mr. Camp's sentencing in determining the drug amounts, and these were folks who were dealing in kilo level and multi-ounce levels directly with Mr. Camp and provided that testimony to this court. So, it was certainly not unreasonable for the government to decide to use those folks as witnesses instead of you.

The prosecutor's alleged post-sentence statement to Brown constituted, at best, a promise to make a Rule 35(b) motion if Brown provided substantial post-sentence assistance; the evidence supports the prosecutor's conclusion that Brown failed to provide substantial assistance and, therefore, merited no motion.

<u>AFFIRMED</u>

4