**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4433

THOMAS JEFFERSON PRICE, III, a/k/a
Thomas Price,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-104)

Submitted: November 30, 1999

Decided: January 6, 2000

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael A. Grace, MICHAEL A. GRACE, P.A., Winston-Salem,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Benjamin H. White, Jr., Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Jefferson Price, III, pled guilty without a plea agreement to conspiracy to possess methamphetamine with intent to distribute, <u>see</u> 21 U.S.C. § 846 (1994), and three counts of methamphetamine distribution. <u>See</u> 21 U.S.C. § 841(a) (1994). He appeals the 330-month sentence imposed by the district court, arguing that the district court erred when it refused to compel the government to move for a substantial assistance departure pursuant to <u>U.S. Sentencing Guidelines Manual</u> § 5K1.1, p.s. (1998). We affirm.

Shortly before he was scheduled to go to trial, Price's attorney discussed a possible guilty plea with the Assistant United States Attorney handling the case, David Folmar, and learned that, if Price decided to plead guilty and cooperate, the government would be interested in pursuing Price's sources. To that end, Folmar said the government would try to have Price debriefed and would try to make a case against his sources if possible. Price entered a guilty plea and was debriefed a few days before his first scheduled sentencing in October 1998. Sentencing was continued to November, on Price's motion, to give the government more time to decide whether a substantial assistance motion would be made. Because the investigation had not progressed by then, sentencing was again continued to February 1999. All sentencing issues were resolved at the February hearing, leaving only a dispute as to whether the government had induced Price's guilty plea through an oral agreement to use any information he provided in a further investigation and, possibly, move for a departure under § 5K1.1 if the information proved helpful.

At the final sentencing hearing in May 1999, Folmar described the events leading to Price's guilty plea, and the reasons for the subsequent delay in investigating Price's sources. The government noted that a substantial assistance motion was still possible because Rule

2

35(b) of the Federal Rules of Criminal Procedure now permits the court to consider pre-sentence assistance when deciding a Rule 35(b) motion. The district court then determined that the government had not entered into any agreement, oral or written, that obligated it to make a § 5K1.1 motion, that no contract had been breached, and that there was no evidence of bad faith on the part of the government. The court denied Price's motion to compel the government to file a § 5K1.1 motion.

On appeal, Price claims that the court erred because his guilty plea was induced by an oral agreement on the part of the government to give him the opportunity to render substantial assistance. The record discloses that, to the extent there was such an oral agreement, Price received the benefit of it, because he was debriefed and was given the opportunity to provide substantial assistance.

Price also suggests that an implied term of his alleged contract was breached; presumably he means that the government was slow to use the information he had provided in the hope that it would lead to a § 5K1.1 departure. However, Price has not shown that the government promised him a speedy investigation. Most importantly, Price does not claim that the government obligated itself to file a § 5K1.1 motion even if he did render substantial assistance, and the district court determined that there was, in fact, no such agreement. The court did not err in this determination. Price did not produce any evidence that the government committed itself to move for a substantial assistance departure, no matter how useful his assistance proved to be. When there is no plea agreement, a defendant cannot compel a § 5K1.1 motion even if he has provided substantial assistance to the government, unless he can also show that the government's decision not to make the motion was based on a constitutionally impermissible motive, such as race or religion. See Wade v. United States, 504 U.S. 181, 186 (1992); United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993). Because Price has not shown that the government's failure to move for a substantial assistance departure was based on an unconstitutional motive, the district court did not err in denying his motion to compel.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED

4