**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

   *Plaintiff-Appellee,*

v.

ERIC TERYLL ARTICE, a/k/a Equan,

   *Defendant-Appellant.*

No. 00-4741

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-00-66-BR)

Submitted: December 10, 2001

Decided: December 27, 2001

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Debra C. Graves, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Mary Jude Darrow, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Eric Teryll Artice appeals his conviction and sentence for conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846 (1994). Finding no reversible error, we affirm.

Artice first claims that the inclusion in the presentence report ("PSR") of information provided during his debriefing violated the terms of his plea agreement. The plain language of the plea agreement simply stated that the Government agreed that the protected statements would not be used against Artice in determining the applicable guideline range. Because Artice concedes that the probation officer calculated drug quantity for purposes of the guidelines by using sources independent from his statements, we find that Artice failed to show by a preponderance of the evidence that the Government breached the plea agreement. *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993) (citing burden of proof); *United States v. Connor*, 930 F.2d 1073, 1076 (4th Cir. 1991) (same).

Artice next claims that the federal statutes proscribing drug offenses have been rendered unconstitutional after *Apprendi*. He also argues that *Apprendi* should apply to invalidate the trial court's application of the sentencing guidelines. These arguments are both foreclosed by our recent caselaw. In *United States v. McAllister*, ___ F.3d ___, 2001 WL 1387341, *2-*3 (4th Cir. Nov. 8, 2001), we held that 21 U.S.C.A. § 841 (West 1999 & Supp. 2001) is not unconstitutional in light of *Apprendi*. Further, we held in *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001), that *Apprendi* does not apply to judicial factfinding under the guidelines as long as the sentence does not exceed the statutory maximum term set out in the statute. Artice's sentence of 150 months was clearly under the twenty year statutory maximum. *See United States*

*v. Promise*, 255 F.3d 150, 156 (4th Cir.) (en banc) (holding that twenty years is the statutory maximum where drug quantity is not found by the jury beyond a reasonable doubt), *petition for cert. filed* (Sept. 20, 2001) (No. 01-6398). Accordingly, we find that Artice is not entitled to relief under *Apprendi*.

Accordingly, we affirm Artice's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*