**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-4891

ANTHONY GEORGE COOK,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-01-143)

Submitted: June 25, 2002

Decided: July 11, 2002

Before WIDENER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Mary Lou Newberger, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Larry R. Ellis, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Anthony George Cook pled guilty to mailing threatening communications, in violation of 18 U.S.C. § 876 (1994), pursuant to a plea agreement. Cook appeals his sentence and conviction. Finding no reversible error, we affirm.

Cook contends the Government breached the plea agreement. This Court reviews a claim of breach of a plea agreement de novo. *United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994). Disputes about what the parties said or did are reviewed under the clearly erroneous standard. *Id.* A defendant bears the burden of showing a breach of the plea agreement by a preponderance of the evidence. *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993); *United States v. Connor*, 930 F.2d 1073, 1076 (4th Cir. 1991). A careful review of the record shows the Government did not breach the plea agreement.

Cook also contends the district court erred in determining the extent of the upward departure to which he was subject. The district court enhanced Cook's offense level by fourteen based on extreme conduct, *U.S. Sentencing Guidelines Manual* § 5K2.8 (2000), and dismissed and uncharged conduct, USSG § 5K2.21, thereby increasing Cook's sentencing guidelines range from six to twelve months to fifty-one to sixty-three months. The district court's determination of the extent of a departure is reviewed for abuse of discretion. *United States v. Hummer*, 916 F.2d 186, 192 (4th Cir. 1990). The court must articulate a basis for the extent of the departure. *See United States v. Gary*, 18 F.3d 1123, 1130 (4th Cir. 1994). The district court at sentencing gave a detailed explanation of its reasons for departing to a sentence of 60 months, and we find the sentence was not an abuse of discretion.

Accordingly, we affirm Cook's conviction and sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*