**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-7758**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EVERETTE LEON WAKEFIELD,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.   Margaret B. Seymour, District
Judge.   (CR-97-128)

———————

Submitted:  September 22, 2004      Decided:  October 7, 2004

———————

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jessica Salvini, SALVINI & BENNETT, L.L.C., Greenville, South
Carolina, for Appellant.  Mark C. Moore, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Everette Leon Wakefield appeals the district court's denial of his motion to compel the government to file a Fed. R. Crim. P. 35(b) motion for reduction of sentence. Wakefield's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Although counsel states that there are no meritorious issues for appeal, he challenges the district court's denial of the motion to compel. The government elected not to file a formal brief and, although this court notified Wakefield of his right to file a supplemental pro se brief, he has not done so.

It is well-settled that whether to file a Rule 35(b) motion is a matter left to the government's discretion. Fed. R. Crim. P. 35(b); United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993). However, a court may remedy the government's refusal to move for a reduction of sentence if: (1) the government has obligated itself in the plea agreement to move for a reduction; or (2) the government's refusal to move for a reduction was based on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992). In this case, there is no evidence that the government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive. Thus, Wakefield would be entitled to relief only if the government was obligated under the plea agreement to move for a departure.

- 2 -

Under his plea agreement, Wakefield agreed to cooperate with the government. In exchange for his cooperation, if the government deemed that he had provided substantial assistance in the investigation or prosecution of other individuals, the government agreed to move for a downward departure under the sentencing guidelines and/or agreed to move for a reduction of sentence pursuant to Fed. R. Crim. P. 35(b). However, the plea agreement also required Wakefield to submit to polygraph examinations if requested by the government and provided that his failure to pass any polygraph tests to the government's satisfaction would render the government's obligations under the plea agreement null and void.

It is undisputed that Wakefield failed such a polygraph examination. Therefore, the district court did not err by concluding that the government was not obligated under the plea agreement to file a Rule 35(b) motion. Because Wakefield's breach of the plea agreement relieved the government of any obligation to file a Rule 35(b) motion, we find that the district court did not err in denying Wakefield an evidentiary hearing on the statements he made to the polygraph examiner after he failed the polygraph test or by denying him an evidentiary hearing on whether he provided substantial assistance to the government.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for

appeal.  We therefore affirm the district court's order denying Wakefield's motion to compel the government to file a Rule 35(b) motion.  Wakefield's motion to withdraw his request for an extension of time to file a supplemental pro se brief is denied as moot.

This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED