**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4305**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDY LINDIAL QUATTLEBAUM,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (CR-02-548)

---

Submitted: July 19, 2006          Decided: July 31, 2006

---

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Russell W. Templeton, Columbia, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Randy Lindial Quattlebaum pled guilty to conspiracy to possess with intent to distribute at least 500 grams, but no more than 3.5 kilograms, of cocaine, in violation of 21 U.S.C. § 846 (2000). He was sentenced to 168 months in prison. Quattlebaum appeals, contending that the Government breached the plea agreement by threatening at sentencing to recommend that he not receive a downward adjustment based on acceptance of responsibility if he pressed his objections to the presentence report. He also complains about the method of calculating his base offense level, which was based on the weight of crack cocaine rather than powder cocaine. There was overwhelming evidence before the court that Quattlebaum converted powder cocaine to crack. Finding no evidence of a breach, we affirm.

A plea agreement is breached when a government promise that induced the plea goes unfulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971); United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). The Government is bound only to promises actually made to the defendant, United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994), and the burden lies with the party asserting the breach to establish the breach by a preponderance of the evidence. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000); United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993).

"We construe plea agreements in accordance with principles of contract law so that each party receives the benefit of the bargain." United States v. Holbrook, 368 F.3d 415, 420 (4th Cir. 2004), vacated on other grounds, 125 S. Ct. 2934 (U.S. June 20, 2005) (No. 04-8323). However, because a plea agreement implicates a defendant's fundamental and constitutional rights, we analyze the agreement with more scrutiny than we would a commercial contract. Id.

In his plea agreement, Quattlebaum agreed to plead guilty to a conspiracy involving at least 500 grams, but less than 3.5 kilograms, of cocaine. The agreement recited that: sentencing lay within the court's sole discretion; the sentence would be imposed in accordance with the federal sentencing guidelines; and that any estimate of the sentence that Quattlebaum might have received from his attorneys, the Government, or the probation office was not binding. The last part of the agreement stated that the "Plea Agreement contains the entire agreement of the parties," could "be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with, or after this Agreement, are null and void."

Notably, the agreement contained no stipulations regarding the base offense level that would be assigned to Quattlebaum, the manner in which that level would be calculated, or

any adjustments for acceptance of responsibility. Nor did the Government make any representations during the plea colloquy or at sentencing that would have resulted in a modification of the terms of the agreement. We conclude that Quattlebaum has not met his burden of establishing a breach of the plea agreement, and we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED