**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4381**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

QUAVIS J. RUDISELL,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., District
Judge.  (0:09-cr-01021-JFA-3)

_____

Submitted:  August 24, 2011          Decided:  September 2, 2011

_____

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South
Carolina, for Appellant.  William N. Nettles, United States
Attorney, William K. Witherspoon, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quavis J. Rudisell appeals his 120-month sentence for conspiracy to possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2006).  Finding no error, we affirm.

On appeal, Rudisell contends that he provided substantial assistance, which obligated the Government to move for a downward departure under the terms of his plea agreement. He argues that the district court therefore erred in denying his motion to compel the Government to move for a downward departure.

The decision to move for a downward departure based on substantial assistance is generally left to the Government's discretion.  United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001); United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993).  Courts may inquire into the Government's failure to file such a motion where (1) the Government has obligated its in the plea agreement to move for a departure; or (2) the Government's refusal to move for a departure was based on an unconstitutional motive, such as race or religion.  See Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994).

2

Although Rudisell argues that he has provided substantial assistance and thus the Government is now obligated under the terms of the plea agreement to move for a downward departure, a careful reading of the plea agreement reveals that the Government has made no such obligation. Rather, the plea agreement clearly states, in relevant part, if Rudisell "<u>is deemed by the Government</u> as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the court for a downward departure or reduction of sentence." (emphasis added). The Government has not deemed Rudisell's cooperation to be substantial assistance, and thus we find that it has not obligated itself under the terms of the plea agreement to move for a downward departure or reduction in sentence.

We therefore uphold the district court's denial of Rudisell's motion to compel and affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>