UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                      No. 03-4722

GIUSEPPE GORGONE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CR-02-374-JFM)

Submitted: March 15, 2004

Decided: April 7, 2004

Before WIDENER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Howard L. Cardin, CARDIN & GITOMER, P.A., Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Giuseppe Gorgone appeals his conviction and sentence on charges of distribution and possession of fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm during and relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(1) (2000).* Gorgone pled guilty pursuant to a written plea agreement that provided the Government, in its sole discretion, would move under *U.S. Sentencing Guidelines Manual* § 5K1.1 (2002) for a downward departure if Gorgone provided substantial assistance. After conducting a thorough Fed. R. Crim. P. 11 colloquy, including reviewing the terms of the substantial assistance provision, the district court found Gorgone guilty. Prior to sentencing, Gorgone moved to withdraw his plea agreement when the Government stated it would not move for a downward departure. Additionally, Gorgone filed a motion to enforce the plea agreement. The district court denied the motions and sentenced Gorgone to the mandatory minimum sentences of 120 months for the drug trafficking offense and five years for the firearms offense, to be served consecutively. Finding no error, we affirm.

Gorgone first appeals the district court's denial of his motion to withdraw his guilty plea. The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *See United States v. Wilson*, 81 F.3d 1300, 1305 (4th Cir. 1996). Gorgone does not point to any defect in the Rule 11 hearing. The district court specifically reviewed the provision of the agreement relating to the

---

*Gorgone's judgment order lists a conviction for violation of 18 U.S.C. § 922(g)(1) (2000) for possessing a firearm during or in relation to a drug trafficking offense. It appears the judgment has listed the improper statute since § 922(g) proscribes possession of a firearm by a convicted felon, while § 924(c) sets the mandatory minimum sentence of five years for possession of a firearm during or in relation to a drug trafficking crime. Gorgone has not asserted error in the judgment order on appeal and the error does not affect our disposition of the issues asserted on appeal. The district court may correct a clerical error in a criminal judgment order at any time under Fed. R. Crim. P. 36.

potential for a downward departure based on substantial assistance and emphasized that it was solely within the Government's discretion to determine if substantial assistance was provided and neither Gorgone nor the court could make the Government move for a departure. The record reflects that Gorgone entered knowingly and voluntarily into the plea agreement. Because Gorgone failed to establish any of the criteria under which a plea agreement may be withdrawn, we find no abuse of discretion by the district court in its failure to allow the withdrawal. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Gorgone next asserts that the district court erred in its denial of his motion to enforce the plea agreement. Gorgone, who bears the burden of establishing a breach of the plea agreement, does not allege Government action that constitutes a breach. *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993); *United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). Moreover, we find nothing in the record to substantiate Gorgone's claim that the Government's refusal to move for a downward departure on Gorgone's behalf was based on any unconstitutional motive or that it was not rationally related to a permissible government objective. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992).

Accordingly, we affirm Gorgone's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*