UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 03-4786

MARCUS QUINCY ROSS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-02-603)

Submitted: May 24, 2004

Decided: June 16, 2004

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

### COUNSEL

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Marcus Ross appeals his conviction pursuant to a guilty plea and 608-month prison sentence for three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d) (2000); four counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (2000); and two counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2000). Counsel for Ross has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but presents three issues for this court's review. Ross has filed a supplemental pro se brief raising additional issues. The Government declined to file a brief. Finding no reversible error, we affirm in part and dismiss in part.

Ross contends that the district court violated Fed. R. Crim. P. 11 in accepting his guilty plea. This court generally reviews the adequacy of a guilty plea proceeding de novo. *See United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). Rule 11 violations, however, are reviewed under a harmless error standard. *See id.* Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. *See* Fed. R. Crim. P. 11(h); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). We have reviewed the district court's thorough plea colloquy, and conclude that Ross has not shown that the court violated Rule 11.

Ross next challenges the calculation of his sentence. Counsel for Ross acknowledges that this Court lacks the authority to review a sentence within the Guideline range and below the statutory maximum, as Ross's was. *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). Ross objects for the first time on appeal to his classification as a career offender. We conclude that Ross's prior convictions

were properly included in his criminal history score, and that the district court correctly designated Ross a career offender.

Ross asserts that the district court erred in denying his motion for a downward departure on the grounds that the Guidelines sentence overstated the seriousness of his criminal history. This court lacks the authority to review the denial of a motion for a downward departure unless the district court mistakenly believed it lacked the power to depart. *United States v. Bayerle*, 898 F.2d 28, 30 (4th Cir. 1990). The district court did not express doubt about its ability to depart, and therefore we dismiss this portion of Ross's appeal.

In his pro se brief, Ross argues that the Government breached the written plea agreement by not moving for a downward departure under *U.S. Sentencing Guidelines Manual* § 5K1.1 (2002) despite Ross's cooperation. Courts review plea agreements as contracts. Applying general contract principles, this court has held that the party asserting a breach of a plea agreement has the burden of proving its breach. *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993); *United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). The plea agreement provided that it was solely in the discretion of the Government to determine whether Ross's assistance was substantial. Ross has not proven a breach resulting from the Government's conclusion that his assistance was not substantial enough to warrant a departure motion.

Finally, Ross contends that he received ineffective assistance of counsel. Ineffective assistance claims are not generally addressed on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255) (2000). We conclude that Ross has not shown conclusively from the face of the record that counsel provided ineffective representation. *Richardson*, 195 F.3d at 198. Therefore, we decline to address his claim of ineffective assistance of counsel in this appeal.

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm Ross's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to peti-

tion the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*