**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4859**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

LORETTA SIMOND HUSKINS,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (2:06-cr-00035-LHT)

Submitted: February 27, 2009          Decided: March 20, 2009

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marcia G. Shein, LAW OFFICES OF MARCIA G. SHEIN, P.C., Decatur, Georgia, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Loretta Simond Huskins pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2008). Huskins received a term of seventy-eight months imprisonment for the drug offense and a consecutive five-year sentence for the § 924(c) conviction. She appeals her sentence, contending that the government's decision not to move for a substantial assistance departure under U.S. Sentencing Guidelines Manual § 5K1.1 (2006) amounted to prosecutorial misconduct. We affirm.

Huskins claims that the government was guilty of prosecutorial misconduct because (1) a substitute attorney appeared at sentencing instead of the attorney who was most familiar with her cooperation and (2) her cooperation was deemed not substantial because it did not result in high-value prosecutions.

With respect to the first claim, the government was not obligated to have a particular attorney appear at sentencing. The attorney who appeared had been informed about the extent of Huskins' cooperation by the attorney with primary responsibility for her case, and was able to advise the court that Huskins had apparently done her best to cooperate, and the

2

lack of substantial results was mainly because her information was not sufficiently current to be useful.

Huskins' second claim is groundless because the plea agreement gave the government full discretion to decide whether Huskins' assistance was substantial and warranted a § 5K1.1 motion. The filing of a motion for sentence reduction based on substantial assistance provided by a defendant is within the government's sole discretion. See Fed. R. Crim. P. 35(b); USSG § 5K1.1. A court may remedy the government's refusal to move for a reduction of sentence if: (1) the government has obligated itself to move for a reduction under the terms of the plea agreement, United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991), or (2) the government's refusal to move for a reduction was based on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992).

If the defendant cannot show a breach of her plea agreement or an unconstitutional motive, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Wade, 504 U.S. at 186. Huskins asserts that Wade does not apply in her case because she had a plea agreement, while the defendant in Wade did not. As explained above, Wade provides that a defendant is entitled to a

3

hearing when she makes a threshold showing that the government's refusal to make a § 5K1.1 motion was based on "suspect reasons such as race or religion." Wade, 504 U.S. at 185-86. Huskins has not made such a claim.

Relying principally on United States v. Dixon, 998 F.2d 228 (4th Cir. 1993), Huskins contends that the government may not withhold a § 5K1.1 motion on the ground that a defendant's cooperation failed to yield a prosecution. Dixon is distinguishable. In that case, the government agreed to move for a § 5K1.1 departure if it deemed the defendant's cooperation "in the investigation or prosecution of another person" to be substantial. Dixon, 998 F.2d at 229. The government later moved for a § 5K1.1 departure, and then moved to withdraw the motion to keep the defendant under pressure to testify at an upcoming trial. Id. at 229-30. We held that Dixon was "entitled to specific performance of the government's promise to move for a substantial assistance departure" because the government had "consistently deemed Dixon's assistance in investigating others substantial." Id. at 231. In contrast, Huskins' plea agreement accorded the government unfettered discretion to determine whether Huskins' "assistance has been substantial" and provided that, if the government decided that her assistance was substantial, the government "may make a motion pursuant to § 5K1.1 for imposition of a sentence below

4

the applicable Sentencing Guidelines." The government did not obligate itself to move for a departure or breach the agreement by finding Huskins' assistance less than substantial.

In her reply brief, Huskins asserts for the first time that "it appears that the majority, if not all, of the information Appellant possessed was provided to the government before she signed the plea agreement." Huskins concedes that she is not certain of this fact. A guilty plea induced with a promise that the government knew at the time it would not keep may be grounds for a rescission of the agreement. United States v. Snow, 234 F.3d 187, 191 (4th Cir. 2000). However, because Huskins did not raise the issue in her opening brief, it is not properly before this court. United States v. Lewis, 235 F.3d 215, 218 n.3 (4th Cir. 2000).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED