<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6050**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOEL WAYNE TADLOCK,

        Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-00670-TLW-1)

Submitted:  September 29, 2009     Decided:  October 5, 2009

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Wayne Tadlock appeals the district court's denial of his motion to compel the Government to file a Fed. R. Crim. P. 35(b) motion for reduction of sentence and his petition for a writ of mandamus. Tadlock's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal and conceding the district court properly denied both the motion to compel and the petition for a writ of mandamus. Although informed of his right to file a pro se supplemental brief, Tadlock has not done so. For the reasons discussed below, we affirm.

It is well-settled that whether to file a Rule 35(b) motion is a matter left to the Government's discretion. Fed. R. Crim. P. 35(b); United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993). A court may remedy the Government's refusal to move for a reduction of sentence if: (1) the Government has obligated itself in the plea agreement to move for a reduction; or (2) the Government's refusal to move for a reduction was based on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992). Here, Tadlock's plea agreement unequivocally establishes that the decision whether to file a Rule 35(b) motion rested within the sole discretion of the Government. Moreover, there is no evidence that the Government's refusal to file a Rule 35(b) motion was based on an unconstitutional

motive. Accordingly, we find no error by the district court in denying Tadlock's motion to compel.

We further find the district court did not err in denying Tadlock's petition for a writ of mandamus. Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). "Courts are extremely reluctant to grant a writ of mandamus." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). Mandamus relief is available only when the petitioner has a clear and indisputable right to the relief sought and there are no other adequate means for obtaining the relief. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Beard, 811 F.2d at 826. The district court properly concluded the relief Tadlock sought was not available by way of mandamus.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's ruling. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED