**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4170**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

RUFUS TYRONE NELSON, a/k/a Niborn, a/k/a Fat Cat,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00042-WO-1)

Submitted:  March 31, 2011         Decided:  April 7, 2011

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard S. Gottlieb, Richard D. Dietz, KILPATRICK STOCKTON, LLP, Winston-Salem, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rufus Tyrone Nelson appeals from his convictions for distribution of crack cocaine. On appeal, he argues that the Government improperly threatened to breach the plea agreement if he did not withdraw his objections to drug quantity in the presentence report (PSR). He also contends that he received ineffective assistance of counsel when his attorney did not file timely objections to the PSR and failed to object to the Government's alleged breach of the plea agreement. Finding no error, we affirm.

Nelson did not raise the plea agreement breach issue in the district court, and this court's review is therefore for plain error. See United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997). A plea agreement is breached when a government promise that induced the plea goes unfulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971); United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). The burden lies with the party asserting the breach to establish the breach by a preponderance of the evidence. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000); United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993).

This court construes "plea agreements in accordance with principles of contract law so that each party receives the benefit of its bargain." United States v. Holbrook, 368 F.3d

2

415, 420 (4th Cir. 2004), <u>vacated on other grounds</u>, 545 U.S. 1125 (2005). However, "'[b]ecause a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement,' the Court analyzes the agreement 'with greater scrutiny' than would apply to a commercial contract." <u>Id.</u> The Government is bound only to promises actually made to the defendant. <u>United States v. Peglera</u>, 33 F.3d 412, 413 (4th Cir. 1994).

The Government has a "heightened responsibility [extending] beyond the plea negotiation to all matters relating to the plea agreement." <u>United States v. Wood</u>, 378 F.3d 342, 348 (4th Cir. 2004). The Government's statements at sentencing may modify a plea agreement. <u>See</u> <u>United States v. Martin</u>, 25 F.3d 211, 217 (4th Cir. 1994). Further, during the plea colloquy, all material terms of the agreement must be disclosed, and the court must ascertain that the defendant understands each of these terms. If the district court mischaracterizes a material term that sufficiently alters the defendant's understanding of the terms of his plea, and the Government acquiesces in that mischaracterization, the plea may be modified. <u>Wood</u>, 378 F.3d at 349.

Here, the language of the plea agreement does not suggest that the Government breached its promise, nor do the transcripts of the plea colloquy and sentencing suggest a breach

3

or threatened breach. The plea agreement contained no stipulations or agreements concerning the base offense level, other than if the offense level was 16 or greater, the Government would recommend the third level of reduction for acceptance of responsibility.

At the plea colloquy, the district court ascertained that Nelson understood that he was pleading guilty to counts three and four, both distribution counts. Although, construing the proceedings in a light most favorable to the Defendant, the stipulations of fact to support the plea may have been amended orally at the plea hearing, the plea agreement remained silent on relevant conduct and the calculation of drug quantity for sentencing purposes. Therefore, the Government's conduct at sentencing does not reflect a breach of the written agreement. While the Government stated at sentencing that it would recommend that Nelson not be given a reduction for acceptance of responsibility if he persisted in his objections to the PSR, the Government never made such a recommendation. Even if it had, the plea agreement did not preclude such a recommendation. In any event, Nelson withdrew his objections to the presentence report after conferring with counsel during a recess.

Nelson pled guilty to offenses involving 22.3 grams of crack cocaine, thereby exposing himself to a potential sentence of five to forty years. See 21 U.S.C. § 841(b)(1)(B) (2006).

4

His sentence falls within this statutory range. Nelson failed to meet his burden of showing that the Government breached the plea agreement either by threatening to withdraw the recommended decrease for acceptance of responsibility or by permitting his base offense level to be calculated based on conduct in the dismissed counts. The plea agreement contained no express or implied promise respecting the drug quantity calculation, and neither the plea colloquy or the sentencing transcripts reflects anything to the contrary that would constitute a modification of the agreement. Therefore, there is no plain error.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant generally must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.

To demonstrate ineffective assistance, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable

5

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 692, 694 (1984). In the context of a plea agreement, where a defendant claims ineffective assistance, the prejudice prong is satisfied where the defendant shows that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, Nelson cannot demonstrate that, but for counsel's alleged errors, the result would have been different. Although Nelson's counsel did not make timely objections to the presentence report, the district court stated that it would consider the objections. Nelson, however, chose to withdraw the objections. As discussed above, the Government's statement that it may not recommend a third level of reduction if Nelson continued to raise objections to drug quantity was not a breach of the plea agreement and, therefore, failure by counsel to raise such an objection does not conclusively appear on the record to be an act of ineffective assistance of counsel.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED