**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4848**

─────────────

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

    v.

TAHIRAH CARTER,

       Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, Senior District Judge.  (1:10-cr-00493-JFM-2)

─────────────

Submitted:  May 30, 2012          Decided:  June 6, 2012

─────────────

Before KING, GREGORY, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas J. Saunders, LAW OFFICE OF THOMAS J. SAUNDERS, Baltimore, Maryland, for Appellant. James G. Warwick, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tahirah Carter pleaded guilty to conspiracy to possess with intent to distribute and distribute heroin, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Carter to 135 months of imprisonment and she now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the Government should have been required to move for a downward departure for substantial assistance and whether Carter should have been allowed to withdraw her guilty plea. Carter has filed a pro se supplemental brief raising additional issues.[*] Finding no error, we affirm.

Counsel and Carter first argue that the Government's refusal to move for a downward departure for substantial assistance under the advisory Guidelines was a breach of the plea agreement and resulted from impermissible motives. "As a general matter, the government has the power, but not the duty, to make a motion for a downward departure under [U.S. Sentencing Guidelines Manual] § 5K1.1 [(2011)]." United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993). A court, however, has the authority to review the government's "refusal to file a

_____

[*] We have fully considered the additional issues raised in Carter's pro se brief and conclude they lack merit.

2

substantial-assistance motion and to grant a remedy if [the court finds] that the refusal was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-86 (1992).

In addition, when the government "bridles its discretion with the terms of the plea agreement, . . . the district court has the power to review the government's refusal to make the motion just as it would any alleged breach of the plea agreement." Dixon, 998 F.2d at 230 (citations omitted). Plea agreements are interpreted generally under contract law. Id. We have thoroughly reviewed the record and conclude that the Government's refusal to move for a downward departure was not a breach of the plea agreement and was not the result of an unconstitutional motive.

Counsel and Carter next argue that her guilty plea was involuntary and she should have been able to withdraw her plea because the Government failed to move for a downward departure and Carter was coerced into entering into the plea agreement. The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that she understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible

penalty she faces, and the various rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). Our review of the record leads us to conclude that Carter's guilty plea was knowing and voluntary and there was no basis for withdrawal of the plea.

We have examined the entire record in this case in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Carter, in writing, of the right to petition the Supreme Court of the United States for further review. If Carter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED